## INTERSTATE WHOLESALE GROCERS, Inc., v. SPINELLA.
### No. 1847.

Court of Appeal of Louisiana. First Circuit.

May 5, 1938.

Wise & Wise, of Morgan City, for appellant.

J. Y. Gilmore, of Morgan City, for appellee.

OTT, Judge.

The suit is to recover $302.75, balance alleged to be due for goods, wares, and merchandise sold defendant in 1934 while operating a store at Morgan City in the name of his son Vincent Spinella. The allegations of the petition and the answer are practically the same as those in the companion case of Consolidated Companies, Inc., against the same defendant, 181 So. 42, this day decided, with the exception of the name of plaintiff and the amount sued for.

As was said in the other case, up to the 1st of January, 1934, defendant had operated a grocery store at Morgan City in a store located in the front part of his residence. At that time he owed plaintiff a balance of $31.84. The account was transferred to the name of his son Vincent, and defendant paid the balance due by him on January 5, 1934. After that time all invoices and statements were made in the name of Vincent Spinella, and payments were made to plaintiff from time to time by checks signed by Vincent Spinella.

The general manager of plaintiff testified that around the 1st of January, 1934, the defendant told him that his (defendant's) boy had come of age, and he wanted to teach this boy the business; that defendant agreed to take care of the account, and under these circumstances the account was continued in the name of Vincent Spinella; that after that date the goods were ordered by Charles Spinella, and payments were made on the account by Vincent under direction of Charles Spinella; that defendant gave the orders for the goods; that the defendant promised to pay the account and asked plaintiff not to crowd him. This witness admits that the account was run in the name of Vincent Spinella, and defendant's name did not appear anywhere on the account nor on any bills and statements rendered in connection therewith. He also admits that all checks made for payments on the account were signed by Vincent Spinella. This witness, on cross-examination, said: "Q. Yet when he (defendant) said he was going to turn the business over to Vincent Spinella, you entered the account under the name of Vincent Spinella? A. Yes, we entered the account under the name of Vincent Spinella."

Defendant testified that he turned the business over to his son, Vincent, about the 1st of January, 1934, and after that date had nothing more to do with it; that he notified all of his creditors, and paid plaintiff in full up to that date; that no more goods were billed to him after that date; he admitted that he would sometimes wait on a customer, and showed his son how to work out the business; he also admitted that two of his other boys receipted for goods at times when no one else was around the store.

Vincent Spinella testified that he was 28 years of age, and, when he took the business from his father, he secured a line of credit from several wholesale houses, including plaintiff; that all goods were billed to him, and he made payments with checks signed by himself; that he gave orders for the goods. He admits that the insurance on the stock was not in his name and was collected by his father, but says that he consented for the insurance money to be kept by his father to apply on the balance due on the stock.

It appears in this case, as well as in the other case, that these creditors were willing to carry the account in the name of Vincent Spinella until the destruction of the store by fire and the collection of the insurance by Charles Spinella, when an effort was made to hold the latter for the account. Regardless of the fact that Charles Spinella may have been under a moral duty to pay this account out of the insurance on the stock, and regardless of the fact that plaintiff no doubt looked to defendant to see that his son paid this account, the fact remains that plaintiff consented to carry the account against Vincent Spinella as its principal debtor, and did not see fit to bind the defendant as surety for the account in the manner prescribed by law.

For the reasons assigned above, as well as the reasons assigned in the case of the Consolidated Companies, Inc., against the same defendant, this day decided, the judgment appealed from is affirmed at the cost of appellant.