## CONSOLIDATED COMPANIES, Inc., v. SPINELLA.

### No. 1848.

Court of Appeal of Louisiana.   First Circuit.

May 5, 1938.

Wise & Wise, of Morgan City, for appellant.

J. Y. Gilmore, of Morgan City, for appellee.

OTT, Judge.

The suit is for a balance on account of $605.68 for goods, wares, and merchandise which plaintiff alleges that it sold to the. defendant during the year 1934 while operating a store in the name of Vincent Spinella, his son; that the defendant had operated a grocery store in Morgan City for several years, conducting the business in premises owned by him; that defendant put his business in his son's name, a young man without means; that defendant admitted to the representatives of plaintiff that the transfer of his business to his son was a simulation; that plaintiff ˙notified defendant that it would not sell goods to his son as he was not financially responsible, and that it would sell only to the defendant; that thereafter all goods and merchandise delivered by plaintiff to said store were ordered and purchased by defendant, and payments made thereon by defendant.

It is further alleged that, after defendant claims to have transferred his business to his said son, he continued to operate, manage, and conduct the same; that the fire insurance upon the stock of goods was carried in his name; that the store and premises were destroyed by fire on October 7, 1934, and the defendant collected the insurance on the stock of goods in the store.

The defendant admits that he was formerly engaged in the grocery business in Morgan City, but that in the early part of January, 1934, because of illness, he transferred the business to his son Vincent Spinella, and executed a mortgage in favor of plaintiff for the balance that he owed plaintiff at that time, and notified plaintiff of his discontinuance of the business; he denied that he had any further connection with the business after the transfer to his son, and he denies that he operated the business in the name of his son. Defendant admits that the insurance on the stock was in his name, but that this was a mistake on the part of the agent who wrote the insurance; that it was through admission of this error on the part of the insurance agency that the insurance was paid; ·that he retained the insurance money and applied it on the amount due him by his son on the stock of goods, with the consent and approval of his said son.

Judgment was rendered in favor of the defendant rejecting plaintiff's demand, and from that judgment plaintiff prosecutes this appeal.

The facts show that the defendant was engaged in the grocery business in Morgan City and had purchased goods and merchandise from the branch house of plaintiff located in that city up to the early part of 1934, when, in January of that year, he executed a note in favor of plaintiff, '

secured by mortgage, to cover the amount due by him at that time. After that date, plaintiff continued to deliver goods and merchandise to this store, and all invoices and statements were made out to Vincent Spinella. It appears that defendant and his family, including Vincent Spinella, a grown son, lived in a house in the rear of the store. This building used for a residence and store combined was owned by defendant. The entire family, including defendant and his wife, as well as Vincent and other grown sons of defendant, operated the store more or less as one family.

In this connection we observe that the dray receipts showing delivery of goods to the store during 1934 were signed by Vincent Spinella, Peter and Tony Spinella —most of them being signed by Vincent. All of the invoices composing the account sued on are made out to Vincent Spinella. Not a single invoice of the account is made out to Charles Spinella, the defendant. Checks were made during the year 1934 to plaintiff from time to time as payments on the account, all of these checks being signed by Vincent Spinella.

It is the contention of plaintiff that the goods were actually sold to Charles Spinella, who operated the business in the name of his son Vincent Spinella. The manager and bookkeeper of plaintiff testifies that defendant requested that the business be carried on in the name of his son Vincent, but they refused to accept him as their debtor and defendant agreed to pay for the goods. But there is no evidence to show that defendant misled plaintiff in any way in having the business transferred to his son. Plaintiff charged the account to Vincent Spinella and accepted his checks for payments on the account. Defendant had closed out his account with plaintiff by giving his note on which he made monthly payments.

The books which plaintiff kept show that its debtor is Vincent Spinella and not Charles Spinella. These books are admissible against the interest of plaintiff and completely refute its claim that Charles Spinella is its debtor for the account sued on. Civ.Code, art. 2248.

The evidence shows that the building and stock of goods were destroyed by fire in October, 1934. The insurance agent who wrote the insurance on the building and stock testified that defendant sent for him to come to the store in 1934 and told him that Vincent Spinella was going to run the store. The policy was issued in the name of Charles Spinella, however, and after the fire the insurance was paid to Charles Spinella. Defendant says that he applied this insurance to the balance due him by his son for the transfer of the stock.

Regardless of the relationship of defendant with the business in 1934 it remains a fact that plaintiff voluntarily accepted Vincent Spinella as its debtor and the purchaser of its goods as evidenced by the fact that it made its invoices to him alone with no reference to Charles Spinella whatever. It is not claimed that Charles Spinella is surety for the son's account, but that he is the principal debtor to whom the goods were sold. But the evidence shows that Vincent Spinella is the principal debtor.

For the reasons assigned, the judgment is affirmed at the cost of appellant.